34 P.(2d) 862

**STOVALL et al. v. VESELY, Commissioner of Public Lands (McELROY, Intervener).**

No. 3905.

Supreme Court of New Mexico.

July 10, 1934.

E. D. Tittmann, of Hillsboro, for appellant.

ZINN, Justice.

This case is before us on motion for rehearing. We deem it convenient to withdraw the opinion handed down on May 16, 1934, and substitute the following instead.

The appellant, a lessee of certain tracts of land belonging to the state of New Mexico, filed his application to purchase said land with the commissioner of public lands. The sale was to be conducted, after notice, at Silver City, N. M., on December 17, 1932. Appellees, claiming to be taxpayers and citizens, sought to enjoin J. F. Hinkle, the commissioner, from conducting the sale. Various grounds were alleged in support of their application for injunction. The sale was not held when a temporary writ was granted, and an order was issued directing the commissioner to show cause on January 14, 1933, why the writ should not be made permanent. On December 30, 1932, the commissioner made his return to the order. On January 9, 1933, the appellant filed a petition for leave to intervene, and, such petition having been allowed, he intervened, alleging that as the lessee and applicant to purchase the lands which were to be sold at the sale, he had a substantial interest in the litigation, that the court had no jurisdiction to grant the writ because the commissioner was acting within his powers and discretion, and the situation complained of by appellees is not one that can be relieved against in a court of equity by injunction.

At the hearing Frank Vesely was substituted for J. F. Hinkle; having succeeded to the office as commissioner on January 1, 1933. Commissioner Vesely announced that he would stand on the answer filed by Commissioner Hinkle, and stated in open court that he would not oppose nor consent to the granting of relief as prayed in appellees' complaint, but would abide the order of the court and consent to a consideration of the cause upon the merits as presented by the pleadings filed. The court thereupon entered an order overruling intervener's plea, and vacated the order permitting the intervention and made the injunction permanent.

From the judgment of the court the intervener has appealed.

The commissioner is not here complaining nor objecting to the judgment of the district court in granting the injunction.

We are confronted at the very outset with the right of the appellant to intervene. If appellant is without right of intervention, it is decisive of the case.

Appellant contends that his interest is a substantial interest. He had the lands under lease at the time he applied to purchase. He deposited with the commissioner a large sum of money as required by the regulations, and his application to purchase was approved.

We have held that an "interest" within the meaning of Comp. St. 1929, § 105-1501, to permit intervention, must be determined from the facts in each case. First National Bank v. Clark, 21 N. M. 151, 153 P. 69, L. R. A. 1916C, 633. It might be questioned whether the appellant as an applicant to purchase state land can predicate any interest to permit of intervention on a possibility or speculation that he might be the highest and best bidder if the commissioner in his discretion does not see fit to resist such suit. However, here is a suit brought by strangers, which in form prays an injunction restraining any sale of the lands for which the appellant has applied. The subject-matter must be deemed the right of the commissioner to sell. We test the interest of appellant in equity and not under the statute, Comp. St. 1929, § 105-1501.

In the case of Flournoy v. Bullock, Baker & Co., 11 N. M. 87, 66 P. 547, 549, 55 L. R. A. 475, referring to our statutes concerning intervention, we said: "These statutes refer solely to actions at law, and not to suits in equity. This has been expressly decided by our supreme court in the case of Union Trust Co. v. Atchison, T. & S. F. R. Co., 8 N. M. 327, 43 P. 701, 704."

In the case quoted, Trust Co. v. Santa Fé, the Territorial Supreme Court said: "It is insisted by the appellee that the Postal Company can intervene only under sections 1890–1892, Comp. Laws 1884, and that the facts stated do not show that the Postal Company has sufficient interest in the cause pending to permit it to intervene. This contention cannot be maintained, because this is an equitable proceeding, and the sections of the statute referred to relate only to actions at law."

In equity the right of intervention in proper cases has always been recognized.

The equitable test is, "Does the intervener stand to gain or lose by the judgment?" By the judgment in this case the intervener stands to lose the right to buy the land if his bid is highest. The direct operation and effect of the judgment in the district court is to deprive the intervener of an opportunity to purchase the land he has applied for in his approved application, unless some one else bids more than he at the sale.

Equity has the inherent power to supply a method in any suit to protect the rights of all interested. It is a rule of necessity. The appellant could only be heard to protect his right to bid by intervention, and it is inequitable to deny him such right.

In the case at bar the intervener as an applicant to purchase, a movant for the sale, and a depositor of expense money, acquired no right to demand a sale of the offering as a whole, or in any other particular manner, or to control the commissioner's discretion. His right was merely to bid along with others upon such plan of offering as the commissioner might deem in the public interest. However, as such an applicant to purchase, and as a depositor of expense money, he has an interest in having the sale proceed under some plan. Appellees below did not content themselves with enjoining the particular plan of sale, but obtained an injunction against any sale.

If the commissioner, after approving appellant's application and ordering a sale, in the exercise of a sound discretion, had changed his policy and refused to go through with the sale, appellant might not have compelled the commissioner to consummate the agreement. But no such facts appear in the case at bar.

If the commissioner, after making the agreement with appellant, had not exhausted his discretion and desired to exercise the residuum thereof and reverse his former action and call everything off, it was up to him to exercise such residuum of discretion and not turn the job over to the district court to do for him. Commissioner Vesely adopted the answer of Commissioner Hinkle, and the intervener, who had at least as much interest as the plaintiff, with the added interest, even though not a vested one, of a potential right to purchase public lands which the commissioner had offered for sale, has the right to intervene on the side of the commissioner in asserting the correctness of the defensive matters set up to repel interference by those showing no right.

Intervener claims the benefit of an agreement with Commissioner Hinkle which was sufficient to sustain his right to assist the commissioner in maintaining his position in the litigation. In denying such right, and in dismissing appellant's petition in intervention, the trial court erred.

We proceed to the next issue.

The appellant urges upon us the want of any right on the part of the appellees to injunctive relief against the commissioner, and cites the case of State ex rel. Otto v. Field, 31 N. M. 120, 241 P. 1027, 1039, in support of such contention.

That the commissioner has discretion to decide the policy of how he will offer for

sale and sell the public lands in the absence of any limitations or restrictions imposed by law cannot be questioned. State ex rel. Otto v. Fields, supra. We need not go afield .for additional authority. In that case we said: "It seems to us that this language is in accord with our view that, under the Enabling Act, Constitution, and statutes of New Mexico, the commissioner may sell or hold the state lands as his judgment and discretion may dictate, and that he may exercise 'entire discretion as to the time of selling these lands and the extent to which they should be sold,' and that no one has the right to compel the commissioner to sell the lands in its entirety or otherwise, and that, if he elects to sell the land otherwise than in its entirety, he is within his jurisdiction to do so. To hold otherwise would lead to an absurd result. * * * As we have seen, the commissioner was given almost unlimited power with respect to the public lands owned by the state 'except as may be otherwise specifically provided by law.' * * * Nowhere in the statute is any provision made for any supervisory control over the acts of the commissioner excepting in the case of contest concerning lands when an appeal may be taken from the decision of the commissioner to the district court. He is responsible alone to the electorate for any lack of proper business capacity or any misdoings in office."

Appellees by their suit were seeking to restrain the commissioner from holding any sale of the land for which the appellant had applied. As complete strangers, they were seeking to prevent the land commissioner from selling the land in its entirety or at all. Over this matter he alone has jurisdiction. The application of appellees for a restraining order directing the commissioner not to conduct the sale should have been denied, and in failing to do so the district court erred.

The judgment of the district court will be reversed, and the cause will be remanded, with instructions to proceed in accordance with this opinion.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.